# EXHIBIT "1"

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| CARMIT COHEN, on behalf of herself and all other similarly situated consumers,<br><br>        Plaintiff(s),<br><br>-vs-<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, CARMIT COHEN, on her own behalf and on behalf of those similarly situated (collectively, "Consumers" or "Class Members"), by and through Undersigned Counsel, sues Defendant, GC SERVICES LIMITED PARTNERSHIP, and alleges the following based on her personal knowledge as to the allegations regarding herself, and upon information and belief as to the other allegations:

1. Plaintiff, CARMIT COHEN, seeks redress for the illegal practices of Defendant, GC SERVICES LIMITED PARTNERSHIP, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

**JURISDICTION AND IDENTIFICATION OF PARTIES**

 A. **Jurisdiction and Venue**

2. This is a class action at law seeking monetary damages in an amount that exceeds $30,000.00, exclusive of interest, costs, and attorney's fees.

3. Accordingly, the Circuit Court has subject matter jurisdiction over this action pursuant to Fla. Stat. §34.01(1)(c).

4. Defendant, GC SERVICES LIMTED PARTNERSHIP, is subject to personal jurisdiction

within the State of Florida pursuant to Fla. Stat. § 48.193(1)(a)(1) because the Defendant is "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state [and] ha[s] an office or agency in this state."

5. This Court has personal jurisdiction over Defendant pursuant to Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1)(a)(1)-(6).

6. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction and when a Plaintiff satisfies the long-arm statute's requirements for specific jurisdiction over a Defendant, there is no need to engage in the general jurisdiction analysis.

7. Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under section 48.193(1)(a).

8. Florida's long-arm statute is to be strictly construed.

9. Section 48.193(1)(a)(1) states a nonresident defendant may be subjected to the jurisdiction of a court in Florida for either "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

10. Defendant's conduct in this Action triggers the necessary prong of Florida's long-arm jurisdiction because Defendant is engaged in substantial and not isolated activity within this State by virtue of its targeting of Florida consumers.

11. Upon information and belief, Defendant houses regional offices in Florida and employs the services of debt collectors in the State of Florida in addition to specifically targeting Florida citizens, such as Plaintiff

### B. The Parties

12. That all material hereto, Plaintiff, CARMIT COHEN ("COHEN"), was a resident and citizen of the state of Florida, currently resides in Hollywood, Florida, and is over the age of eighteen (18) years, and otherwise *sui juris*.

13. Defendant, GC SERVICES LIMTED PARTNERSHIP, is Delaware Limited Liability Company, and its member(s) are citizens of the states of Florida and Texas. Defendants' principal place of business is located at 6330 Gulfton St., Houston, TX 77081-1108.

14. All conditions precedent to bringing this lawsuit have been met and/or waived.

## II. GENERAL ALLEGATIONS

15. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

16. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### A. Allegations Particular to Carmit Cohen

18. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

19. On or about August 22, 2020 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes. The August 22nd letter is attached hereto as **Exhibit "A"** and incorporated by reference herein.

20. The said August 22, 2020 letter, instead of it being sent to Plaintiff directly from its own offices, Defendant sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house").

21. As such, Defendant had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information.

22. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence in Hollywood, Florida.

23. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

24. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

25. Defendant's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

26. Plaintiff never consented to having her personal and confidential information, concerning the debt or otherwise, shared with anyone else.

27. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector**." (**emphasis** added).

28. The mail house used by Defendant as part of its debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

29. Due to Defendant's communication to this mail house, information about the Plaintiff, including her name, the amount allegedly owed, and her home address are all within the possession

of an unauthorized third-party.[1]

30. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

31. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See *Hunstein v. Preferred Collection & Mgmt. Servs.*, Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

32. Defendant violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

33. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

34. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

35. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

36. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

37. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

38. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

39. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

40. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

41. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

42. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered damages, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

### III. CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated

pursuant to Fla. R. Civ. P. 1.220. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the Rule.

44. The proposed Class is defined as:

> All consumers that received the form collection letter at the heart of this litigation.

45. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

46. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

47. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

48. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. Plaintiff does not currently know the exact number of Class Members or their identities because such information is in the exclusive control of Defendant and can only be ascertained by review of its records. However, Plaintiff believes that there are thousands of Class Members, and that the Class Members are sufficiently numerous and geographically dispersed so that joinder of all Class Members is impracticable

50. Plaintiff's claims are typical of the Class.

51. The factual basis of Defendant's misconduct is common to all Class Members and resulted

in injury to all Class Members.

52. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class Members.

53. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense, and risk of inconsistent rulings that numerous individual actions would cause. Class treatment will also permit the adjudication of relatively small claims by Class Members who otherwise might not be able to afford to litigate their claims individually. This class action presents no difficulties in management that would preclude maintenance as a class action.

54. This forum is particularly desirable for the prosecution of this class action because Defendant specifically targets Florida consumers, and the lead Plaintiff is also domiciled in Florida. As a result of the foregoing, litigating on a class action basis in this forum will likely decrease the cost of discovery and prosecution, generally.

55. Plaintiff has suffered the harm alleged on behalf of the Class and has no interests antagonistic to the interests of any other Class Members. She is committed to the prosecution of this action and has retained counsel experienced in the prosecution of class actions, and in complex commercial actions in particular. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class Members. Plaintiff is not aware of any other pending litigation concerning this controversy that involves Class Members.

56. Finally, the Class is readily definable and is one for which records likely exist in Defendant's files.

**COUNT I – Violations of the Fair Debt Collection Practices Act (Brought by Plaintiff on Behalf of herself and the Members of a Class, Against Defendant**

57. Plaintiffs adopt and incorporate the allegations in Paragraphs 1-56.

58. This cause of action is brought on behalf of Plaintiff and the members of a class.

59. The class consists of all persons whom Defendant's records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 22, 2020; and (a) the collection letter was sent to a consumer seeking payment of a personal debt owed to Honda; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b) and 1692f for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt and for using misleading means in connection with the collection a debt.

60. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

61. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendant, awarding Plaintiff and the class members damages as follows:

    a. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    b. Attorney fees and costs incurred in bringing this action as provided by statute; and

    c.  Any other relief that this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED:  August 23, 2021

          LEVY & PARTNERS, PLLC
*Attorneys for Plaintiff and Plaintiff Class members*
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile
Primary – omar@lawlp.com
Secondary – claudia@lawlp.com
Secondary – maritza@lawlp.com

**By: /s/ Omar M. Salazar II**
    OMAR M. SALAZAR II, ESQ.
    Fla. Bar No.: 0106175
    ELY R. LEVY, ESQ.
    Fla. Bar No.: 15452

# EXHIBIT A

*August 22, 2020 Letter*

CDGCSV70  064
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED



GC Services Limited Partnership

Please call: 866-676-8508
Calls may be monitored or recorded

August 22, 2020

CORRESPONDENCE AND PAYMENT MAILING ADDRESS:

603212077
Carmit Cohen
3389 Sheridan St Apt 517
Hollywood FL 33021-3606

PO BOX 3346
HOUSTON TX 77253

| YOU OWE: American Honda Finance Corporation | GC NUMBER: 886420234010071 |
|---|---|

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

August 22, 2020

File Number: 4333890
Client Account Number: ENDING 3803
Balance Due: $450.48

Dear CARMIT COHEN,

We are writing to let you know that your account with American Honda Finance Corporation, with an overdue balance of $450.48, has been referred to us.

We understand you may not be able to pay the entire balance in one payment. We are here to work with you to find a mutually agreeable solution. We invite you to contact us so that we can discuss your particular financial circumstances, as well as opportunities our client may have available for you. Please contact us at 866-676-8508 to discuss payment options that may be available to you on your account.

However, if you are able to pay the balance due at this time, please send us your payment using the enclosed envelope.

We look forward to helping you resolve your account. Thank you.

Sincerely,

Aubrey Caraway
Account Representative

If you would prefer, you can make a payment on your account using a credit or debit card by going to our website at www.gcpayonline.com. Use the following number to identify yourself when prompted: 886420234010071

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
0223-38     IMG-CDP1     886420234010071     58512083